NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FERNANDO MENDEZ, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

PHOENIX TOOL & GAGE, *Respondent Employer*,

STATE NATIONAL INSURANCE CO, *Respondent Carrier*.

No. 1 CA-IC 24-0061

FILED 07-31-2025

Special Action - Industrial Commission
ICA Claim No. 20212790052
Carrier Claim No. 6D714984490640
The Honorable Rachel C. Morgan, Administrative Law Judge

**AFFIRMED**

COUNSEL

Fernando Mendez, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark Barberich La Mont & Puig PC, Phoenix
By Kirk A. Barberich, Austin M. Vale
*Counsel for Respondent Employer and Insurance Carrier*

_____

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

_____

**W E I N Z W E I G**, Vice Chief Judge:

¶1      Fernando Mendez petitions for special action review of an Industrial Commission of Arizona ("ICA") decision that he is stationary with a 3% permanent impairment to his right arm. Because Mendez shows no reversible error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2      Mendez was a tool maker at Phoenix Tool and Gage in September 2021 when he injured his fingernail and it became infected. Mendez was treated by Dr. Allen Liu, a hand surgeon, who gave him IV antibiotics and performed two surgeries to clean out the infection. State National Insurance Company ("Carrier") accepted Mendez's claim for workers' compensation.

¶3      At the Carrier's request, Mendez later received an independent medical evaluation from Dr. Josh Vella, a board-certified orthopedist who specializes in upper limb injuries. Dr. Vella personally examined Mendez, reviewed his medical records and determined that Mendez suffered a 3% impairment to his right arm. The Carrier accepted Dr. Vella's conclusion and closed Mendez's claim in September 2022, adding six months of supportive medical maintenance care.

¶4      Mendez requested a hearing before an Administrative Law Judge ("ALJ"). On the first day of the hearing, Mendez appeared and testified. He introduced a progress note from Dr. Liu's nurse practitioner who concluded that Mendez suffered a 13% impairment to his right arm. Mendez did not appear on the second day. Dr. Vella testified on that day. The ALJ adopted Dr. Vella's 3% impairment rating.

¶5      Mendez requested review, citing Dr. Liu's failure to testify. The ALJ rejected that argument because Mendez knew he needed to coordinate with Dr. Liu to secure Liu's testimony at the hearing, and the ICA had tried unsuccessfully to schedule Dr. Liu's testimony.

**¶6**         Mendez timely petitioned for special action review.  We have jurisdiction.  A.R.S. §§ 12-120.21(A)(2), 23-951(A); Ariz. R.P. Spec. Act. 10.

## DISCUSSION

**¶7**         An ALJ award will be affirmed when supported by any reasonable theory of the evidence.  *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006).  We defer to the ALJ's factual determinations, *Brown v. Indus. Comm'n*, 199 Ariz. 521, 523, ¶ 10 (App. 2001), and view the evidence in the light most favorable to upholding the ALJ's award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  Arizona law directs ALJs to resolve conflicting opinions of medical experts, *see Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000), and we will not reweigh the evidence, *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987).

**¶8**         Mendez argues the ALJ erroneously adopted Dr. Vella's opinion over the opinion of Dr. Liu's nurse practitioner because Dr. Vella only examined Mendez for a short time and mistakenly reported that Mendez had no children when he had three.  We discern no error.  The record has ample evidence to support Dr. Vella's opinion and the ALJ's decision.  Dr. Vella personally examined Mendez and reviewed his medical records.  Mendez does not explain how or why Dr. Vella would have reached a different conclusion if a longer appointment had been scheduled; and whether Mendez had three children or none does not diminish the force of Dr. Vella's medical opinion.  The ALJ received dueling medical opinions and found Dr. Vella's opinion to be more persuasive.  "[T]he ALJ is the sole judge of witness credibility."  *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191, ¶ 9 (App. 2013).

**¶9**         Mendez also claims he was not heard because several hearings were cancelled, and Dr. Liu did not testify.  We discern no error.  Mendez had notice of each rescheduled hearing and he offered testimony.  *Iphaar v. Indus. Comm'n*, 171 Ariz. 423, 426 (App. 1992) (due process entitles the claimant to notice and an opportunity to be heard).  What is more, the ALJ considered the permanent impairment rating assigned by Dr. Liu's nurse practitioner and the reasoning for that rating.  Mendez was not deprived of the opportunity to be heard or prove his case.

## CONCLUSION

¶10     We affirm the award.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR